Andrea Wimmer, Esq. SBN 025470
MARCO|WIMMER PLC
123 N. Centennial Way, Suite 110
Mesa, AZ 85201
Phone: (480) 275-4894
Fax:    (800) 362-3901
awimmer@marcowimmerlaw.com
*Attorney for Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Jerry Lee Conrad,<br><br>Debtor(s). | Case No. 2:16-bk-11458-PS<br><br>**CHAPTER 13**<br><br>**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| WSR Consulting, LLC<br>Movant,<br>v.<br>Jerry Lee Conrad,<br>Respondent. | *Re: Real Property located at*<br>*36424 N. 7th Avenue, Phoenix, AZ*<br><br>*(Docket No. 28)* |

DEBTOR, Jerry Lee Conrad[1], hereby respectfully requests this Court deny movant's request for relief because the real property located at 36424 N. 7th Avenue, Phoenix, Arizona is part of the Debtor's homestead and movant's judgment does not attach as a lien to the Debtor's homestead.

## MEMORANDUM OF POINTS AND AUTHORITIES

**The Facts**

1. On October 5, 2016, the Debtor, Jerry Lee Conrad ("Jerry") commenced this case by filing a Voluntary Petition under Chapter 13 of the Bankruptcy Code ("the Code").

---

[1] All references to actions taken by the Debtor in this case refer to actions taken by the Debtor by and through undersigned counsel.

2. On October 18, 2016, this Court granted Jerry's motion to extend the time to file his schedules, statements, and plan to November 3, 2016.

3. On November 3, 2016, Jerry timely filed his schedules, statements, and plan with this Court.

4. Jerry's Schedule A/B lists two pieces of real property: One located at 36420 N. 7th Avenue, Phoenix, Arizona ("the Front Property") and one located immediately behind it at 36424 N. 7th Avenue, Phoenix, Arizona ("the Back Property").

5. The Front Property and the Back Property ("the Homestead") are contained in one compact body of land. See Exhibit A – Parcel Map and Aerial View.

6. On December 19, 2016, Jerry filed an Amended Schedule C to properly identify as protected by the applicable homestead exemption. See Docket Entry No. 33.

**The Law**

7. Arizona's homestead exemption is contained Arizona Revised Statutes ("ARS") §33-1101, and provides, in pertinent part,

> A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:
>
> 1. The person's interest in real property in <u>one compact body</u> upon which exists a dwelling house in which the person resides. (<u>Emphasis Added</u>)

8. The statute does not contain any limitation on acreage, nor does it restrict the homestead to a specific subdivision lot as long as the land is in a "compact body." ARS §33-1101.

9. The Homestead is one compact body of land, with Jerry's residence existing on the Front Property.

10. ARS §33-964 states that "[e]xcept as provided in section 33-1103, a recorded judgment <u>shall not become a lien on any homestead property</u>. Any person entitled to a homestead on real property as provided by law holds the homestead property free and clear of the judgment lien." (Emphasis Added).

11. Therefore, WSR's judgment did not attach to Jerry's Homestead.

12. ARS § 33-1103 appears to limit the homestead exemption by stating that:

> A. The homestead provided for in section 33-1101, subsection A is exempt from process and from sale under a judgment or lien, except:
> 4. To the extent that a judgment or other lien may be satisfied from the equity of the debtor exceeding the homestead exemption under section 33-1101.

13. However, this is further qualified by ARS § 33-1105, which provides, in pertinent part that:

> A judgment creditor [...] may elect to sell by judicial sale a [...] the property in which the judgment debtor has a homestead under section 33-1101, subsection A, provided that the judgment debtor's interest in the property shall <u>exceed the sum of the judgment debtor's homestead plus the amount of any consensual liens on the property having priority to the judgment</u>. A bid shall not be accepted by the officer in charge of a sale under this section which does not exceed the amount of the judgment debtor's homestead plus the amount of any consensual liens on the property having a priority to the judgment plus the costs of the sale allowable under title 12. After receipt of a sufficient bid, the officer shall sell the property. From the proceeds, the officer <u>shall first pay the amount of the homestead to the judgment debtor</u> plus the amount of any consensual liens on the property having a priority to the judgment and then pay the costs of the sale. [...]

**The Legal Argument**[2]

14. WSR's request for relief must be denied because the Debtor has exempt equity in the Homestead.

15. A sale by WSR requires WSR to pay, in full, the amount of the homestead exemption ($150,000.00) to Jerry, as well as the consensual and statutory liens currently encumbering the Homestead.

16. The Homestead is currently encumbered by a Deed of Trust in favor of U.S. Bank Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS2 in the approximate amount of **$259,261.62** (see DE 32 – Objection to Confirmation by US Bank) and tax liens owed to the Maricopa County Treasurer under A.R.S. § 42-17153 in the approximate amount of **$7,827.92** (See DE 25 – Objection to Confirmation by County Treasurer).

---

[2] At this stage, Debtor is not addressing movant's various claims of bad faith, as they are not pertinent to the Debtor's claim of applicable exemptions. Debtor reserves the right to respond to / address these unfounded allegations and/or request an offer of proof from movant.

17. Even assuming low hypothetical costs of sale and further assuming that WSR finds a cash buyer to purchase the Homestead as is (as a credit bid would not pay the required senior lien holders), an officer conducting the sale would be legally prohibited from accepting the offer as it would not "exceed the amount of the judgment debtor's homestead plus the amount of any consensual liens on the property having a priority to the judgment plus the costs of the sale" as required by statute. ARS § 33-1105.

| | |
|---|---|
| Property Value | $425,000.00 |
| Costs of Sale | - $21,250.00 |
| Tax Lien | - $ 7,827.92 |
| Deed of Trust | -$259,261.62 |
| Homestead Exemption | - $150,000.00 |
| **NET LOSS** | **($13,339.54)** |

18. Finally, even if a buyer is found to purchase the Homestead for a price that would net payment in full of all liens on the property having a priority to the judgment plus the $150,000.00 due to Jerry as his homestead exemption, WSR's request for relief should be denied as the remaining proceeds are property of the bankruptcy estate to be paid to to all creditors in accordance with the provisions of the Code.

19. Therefore, granting the relief requested would – at best[3] – deprive the other unsecured creditors of their pro rata share from the sales proceeds. At worst, it would result in the loss of a home for Jerry and his family all the while having to rely on WSR to find a purchaser for their Homestead that will in fact give Jerry and his family the homestead exemption state law provides for him.

**The Conclusion**

WSR's request for stay relief must be denied because the Back Property is part of the Jerry's homestead and as such is protected by Arizona's homestead exemption. Furthermore, WSR's judgment does not attach as a lien to the Debtor's homestead and

---

[3] From the Debtor's perspective.

4 of 5
Case 2:16-bk-11458-PS    Doc 34    Filed 12/19/16    Entered 12/19/16 18:15:57    Desc
Main Document    Page 4 of 9

1 | WSR does not have legal rights to any hypothetical equity after payment of all liens and
2 | Jerry's homestead exemption greater than any other general unsecured creditor.

RESPECTFULLY SUBMITTED this 19. day of December, 2016.

MARCO|WIMMER PLLC

/s/ Andrea Wimmer, SBN 025470
Andrea Wimmer, Esq.
*Attorney for Debtors*

ORIGINAL filed via ECF this
19. day of December, 2016.

COPY of the foregoing sent via
E-Mail this 19. day of December, 2016 to:

- Jerry Lee Conrad, Debtor
- Edward J. Maney, Chapter 13 Trustee
- Dickinson Wright, PLLC, Attorneys for Creditor WSR Consulting LLC

By: /s/AW

# Exhibit A



# Aerial N-S



Case 2:16-bk-11458-PS   Doc 34   Filed 12/19/16   Entered 12/19/16 18:15:57   Desc
Main Document    Page 8 of 9

# Aerial from Above

